IN THE
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DEANNA COFFEY, | ) |
|       Plaintiff, | ) ) ) |
| v. | ) Case No. 7:19CV15 |
| TYLER STAFFING SERVICES, INC. D/B/A CHASE PROFESSIONALS (ROANOKE CI), **Serve: Incorp Services, Inc., Reg. Agent**     **7288 Hanover Green Drive**     **Mechanicsville, VA 23111**     **(Hanover County)** | ) ) ) ) ) ) ) ) |
| and | ) ) |
| SERVICEMASTER OF SHENANDOAH VALLEY, INC., **Serve: Ronald W. Denney, Reg. Agent**     **129 North Wayne Avenue**     **Waynesboro, VA 22980**     **(Waynesboro City)** | ) ) ) ) ) ) |
|       Defendants. | ) ) |

## COMPLAINT

Plaintiff Deanna Coffey, by counsel, moves for judgment against defendants Tyler Staffing Services, Inc. d/b/a Chase Professionals (Roanoke CI) (hereinafter, "Chase") and ServiceMaster of Shenandoah Valley, Inc. (hereinafter, "ServiceMaster"), jointly and severally, and as grounds therefore states as follows:

### STATEMENT OF THE CASE, JURISDICTION AND VENUE

(1) This is an action for declaratory, injunctive relief and monetary damages, and to address deprivation of rights secured by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§2000e, *et seq.* (hereinafter, "Title VII").

1

(2)     The Court has jurisdiction over this action pursuant to 42 U.S.C. §2000e-5(f) and 28 U.S.C. §1343(a)(4).

(3)     The claims asserted in this action arose within the western district of Virginia and the alleged discrimination, retaliation, and damage occurred in the western district of Virginia. Venue of this action is thus proper pursuant to 42 U.S.C. §2000e, *et seq.*

(4)     Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission (hereinafter, "EEOC") and the Virginia Council on Human Rights; received a notice of right to sue dated October 24, 2018; and commenced this action within 90 days of receipt thereof.

(5)     On information and belief, defendant Tyler Staffing Services, Inc. d/b/a Chase Professionals (Roanoke CI) is a corporation or other business entity doing business in the western district of the Commonwealth of Virginia and elsewhere.

(6)     At all times material hereto, Tyler Staffing Services, Inc. d/b/a Chase Professionals (Roanoke CI) is and was a "person" within the meaning of Title VII, Section 701, 42 U.S.C. §2000e(a). At all times material hereto Tyler Staffing Services, Inc. d/b/a Chase Professionals (Roanoke CI) was an "employer" within the meaning of Title VII, Section 701, 42 U.S.C. §2000e(b), that is, at all times material hereto Tyler Staffing Services, Inc. d/b/a Chase Professionals (Roanoke CI) was a person engaged in an industry affecting commerce which had 15 or more employees for each working day in each of twenty or more calendar weeks during the years of plaintiff's employment or the preceding calendar year.

(7)     On information and belief, defendant ServiceMaster of Shenandoah Valley, Inc. is a corporation or other business entity doing business in the western district of the Commonwealth of Virginia and elsewhere.

(8) At all times material hereto, ServiceMaster of Shenandoah Valley, Inc. is and was a "person" within the meaning of Title VII, Section 701, 42 U.S.C. §2000e(a). At all times material hereto ServiceMaster of Shenandoah Valley, Inc. was an "employer" within the meaning of Title VII, Section 701, 42 U.S.C. §2000e(b), that is, at all times material hereto ServiceMaster of Shenandoah Valley, Inc. was a person engaged in an industry affecting commerce which had 15 or more employees for each working day in each of twenty or more calendar weeks during the years of plaintiff's employment or the preceding calendar year.

(9) Plaintiff at all times material hereto is and was a resident of the Commonwealth of Virginia and was an "employee" of Tyler Staffing Services, Inc. d/b/a Chase Professionals (Roanoke CI) and ServiceMaster of Shenandoah Valley, Inc., or one or more of them (plaintiff is not certain of the precise legal name of her employer). These entities operate as a joint employer or an integrated enterprise and/or are jointly liable as apparent agents as those terms are defined by federal law, and plaintiff seeks judgment against each jointly or severally.

## STATEMENT OF FACTS

(10) Plaintiff went to work for Tyler Staffing Services, Inc., a temp service, and ServiceMaster of Shenandoah Valley, Inc. in January 2017.

(11) Plaintiff's first day on the job with defendants was on or about January 10, 2017.

(12) Plaintiff's last day on the job with defendants was on or about March 8, 2017.

(13) While working for defendants, plaintiff was sexually harassed by a man at work, and after she complained about the harassment, she was fired.

(14) Plaintiff was informed during a morning meeting that if she was sexually harassed to report it to the managers, Chris Martin or Todd White.

(15) On information and belief, Martin and White are employed by ServiceMaster.

(16) At a job site, on or about February 28, 2017, a ServiceMaster or Chase employee, Charles "Blue" Chapman, made sexual remarks to plaintiff such as, "you don't need to be wearing the pants you are wearing because I can see a perfect outline of your cute little ass," and "you have a smoking hot body."

(17) Chapman also told plaintiff that he was going to leave his wife to be with a 28-year-old who is in the army and wanted to know why all these young women wanted him.

(18) Chapman is approximately 55 years old. At the time she worked for defendants, plaintiff was 19 years old.

(19) Plaintiff was told by numerous employees, including Chris Martin, Mary Faw, Donna (lnu), Frank (lnu), and Gerald (lnu), that Chapman also "made out" with another female employee, Leslie (lnu), approximately 28 years old, at a job site. Leslie told plaintiff that this was true while talking about her relationship with Gerald.

(20) On another occasion, when a dog came up to plaintiff and started "humping" her leg, Chapman said, "atta boy. Keep humping her. Good work," or similar words.

(21) On the way back to the shop one day, Chapman asked plaintiff if she would take him home. When plaintiff attempted to deflect his comments and told him that she had to meet her boyfriend and could not take him home, Chapman became extremely angry and said, "well fine, then I'll just have the bitch pick me up," or similar words, referring to his wife.

(22) Plaintiff reported the sexual harassment to Mary Faw, ServiceMaster employee, who told plaintiff to watch out for Chapman.

(23) Further, as instructed, on or about March 6, 2017, plaintiff complained about the sex harassment to Chris Martin and Todd White. Martin and White told plaintiff that it was hard not to work people together because the company was small, but that they would talk to Chapman

4

about it.

(24) Martin, White, and Faw told plaintiff not to complain to Chase and stated plainly, "you [plaintiff] don't work for them [Chase], you work for us [ServiceMaster]," or similar words.

(25) On or about March 8, 2017, plaintiff went to work as usual and could tell that the managers had spoken with Chapman about plaintiff's harassment complaint. Plaintiff could tell by Chapman's body language and attitude and because Chapman would mutter something under his breath every time plaintiff would pass him — just loud enough so plaintiff could hear. Mary told plaintiff on the way to the job site that day that Chapman denied that he had made the sexual comments to plaintiff. When plaintiff finished work that day, plaintiff received a phone call from Chase stating that her services were not needed any longer.

(26) Plaintiff has not worked for Chase or ServiceMaster since that time, and she was either terminated or constructively discharged.

## COUNT I: CLAIM FOR SEX DISCRIMINATION AND HARASSMENT

(27) Plaintiff incorporates by reference herein the preceding paragraphs of this Complaint.

(28) Defendants had a duty to maintain a work environment free of sex discrimination and harassment.

(29) Defendants' action and inaction created a hostile an offensive work environment and interfered with plaintiff's work.

(30) Defendants knew or should have known of the hostile work environment and failed to take prompt remedial action reasonably calculated to end the harassment.

(31) Defendants further violated federal law by failing to take action reasonably calculated to prevent sex discrimination and harassment and by permitting a work environment to

5

exist that was hostile and offensive to plaintiff and other female employees.

(32) As a direct and proximate result of defendants' actions, plaintiff has suffered and will continue to suffer loss of employment, pecuniary loss, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary loss.

(33) At all times material hereto, defendants engaged in a discriminatory practice or practices with malice or reckless indifference to the federally protected rights of plaintiff so as to support an award of compensatory and punitive damages.

(34) The above-described acts of defendants constitute sex harassment and discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§2000e, *et. seq.*

## **COUNT II: TITLE VII CLAIM FOR RETALIATORY DISCHARGE**

(35) Plaintiff incorporates by reference herein the preceding paragraphs of this Complaint.

(36) Defendants discriminated against plaintiff in violation of federal law in that defendants harassed and retaliated against plaintiff and terminated or constructively discharged her employment for complaining about the harassment and hostile work environment in violation of Title VII of the Civil Rights Act of 1964, as amended.

(37) As a result of defendants' discriminatory acts, plaintiff has suffered and will continue to suffer pecuniary loss, mental anguish, pain and suffering, shame, humiliation, embarrassment, loss of enjoyment of life and other non-pecuniary loss.

(38) Defendants acted willfully toward plaintiff with actual malice or with reckless disregard of the protected rights of plaintiff so as to support an award of liquidated and exemplary damages.

WHEREFORE, plaintiff Deanna Coffey demands judgment against defendants Tyler Staffing Services, Inc. d/b/a Chase Professionals (Roanoke CI) and ServiceMaster of Shenandoah Valley, Inc., jointly and severally, for injunctive and equitable relief, compensatory and punitive damages, together with pre-judgment interest and for costs and attorney's fees to the extent recoverable by law, and for such other and further relief as may be just and equitable.

Trial by jury is demanded on all issues on which plaintiff is entitled to trial by jury, including any question concerning whether plaintiff's claims must be submitted to arbitration.

Respectfully Submitted,

DEANNA COFFEY

By: */s/ Terry N. Grimes*
      Of Counsel

Terry N. Grimes, Esquire (VSB No. 24127)
Brittany M. Haddox, Esquire (VSB No. 86416)
GRIMES & HADDOX, ESQ., P.C.
320 Elm Avenue, SW
Roanoke, Virginia 24016-4001
(540) 982-3711
(540) 345-6572 *Facsimile*
*tgrimes@terryngrimes.com*
*bhaddox@terryngrimes.com*
    *Counsel for Plaintiff*