**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION**

| | |
|---|---|
| **DEANNA COFFEY,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 7:19cv15 |
| ) | |
| **TYLER STAFFING SERVICES, INC.,** ) | |
| **D/B/A CHASE PROFESSIONALS** ) | |
| **(ROANOKE CI), et al.** ) | |
| ) | |
| **Defendants.** | |

**ANSWER**

COMES NOW defendant ServiceMaster of Shenandoah Valley, Inc. ("ServiceMaster"), by counsel, pursuant to Rule 7 of the Federal Rules of Civil Procedure, and files this Answer to the Complaint filed by Deanna Coffey ("Coffey"). In support thereof, ServiceMaster states as follows:

ServiceMaster denies each and every allegation contained in the Complaint except as hereinafter may be expressly admitted.

In response to the numbered paragraph contained in the Complaint, ServiceMaster admits, denies, or otherwise responds as follows:

1. The allegations contained in paragraph 1 of the Complaint are mere legal conclusions to which no response is required. ServiceMaster denies any remaining factual allegations contained in paragraph 1.

2. The allegations contained in paragraph 2 of the Complaint are mere legal conclusions to which no response is required. ServiceMaster denies any remaining factual allegations contained in paragraph 2.



1147.1273\NHS
4820-2638-8361 .v5

3. The allegations contained in paragraph 3 of the Complaint are mere legal conclusions to which no response is required. ServiceMaster denies any remaining factual allegations contained in paragraph 3.

4. Regarding the allegations contained in paragraph 4 of the Complaint, ServiceMaster admits only that Coffey filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). ServiceMaster lacks sufficient information to either admit or deny the remaining allegations contained in paragraph 4.

5. ServiceMaster lacks sufficient information to either admit or deny the allegations contained in paragraph 5 of the Complaint.

6. ServiceMaster lacks sufficient information to either admit or deny the allegations contained in paragraph 6 of the Complaint.

7. Regarding the allegations contained in paragraph 7 of the Complaint, ServiceMaster admits only that it is a corporation doing business in the Commonwealth of Virginia. ServiceMaster denies any remaining factual allegations contained in paragraph 7.

8. The allegations contained in paragraph 8 of the Complaint are mere legal conclusions to which no response is required. ServiceMaster denies any remaining factual allegations contained in paragraph 8.

9. The allegations contained in paragraph 9 of the Complaint are mere legal conclusions to which no response is required. ServiceMaster lacks sufficient information to either admit or deny any remaining factual allegations contained in paragraph 9.

10. Regarding the allegations in paragraph 10 of the Complaint, ServiceMaster admits only that Coffey was temporary worker referred to ServiceMaster by a staffing and recruiting agency, Chase Professionals, and began work at ServiceMaster on January 10,


FRITH ANDERSON +PEAKE PC
ATTORNEYS AT LAW
Roanoke, Virginia

1147.1273\NHS
4820-2638-8361 .v5

2017. ServiceMaster lacks sufficient information to either admit or deny any remaining factual allegations contained in paragraph 10.

11. Regarding the allegations in paragraph 11 of the Complaint, ServiceMaster admits only that Coffey was temporary worker referred to ServiceMaster by a staffing and recruiting agency, Chase Professionals, and began work at ServiceMaster on January 10, 2017. ServiceMaster lacks sufficient information to either admit or deny any remaining factual allegations contained in paragraph 11.

12. Regarding the allegations in paragraph 12 of the Complaint, ServiceMaster admits only that ServiceMaster contacted Chase Professionals on March 8, 2017, to advise Chase Professionals that ServiceMaster was terminating Coffey's temporary assignment effective at the end of the day. ServiceMaster denies any remaining allegations contained in paragraph 12.

13. ServiceMaster denies the allegations in paragraph 13 of the Complaint.

14. ServiceMaster lacks sufficient information to either admit or deny the allegations contained in paragraph 14 of the Complaint.

15. Regarding the allegations contained in paragraph 15 of the Complaint, ServiceMaster admits only that Chris Martin and Todd White were employed by ServiceMaster during the time referenced in the Complaint. ServiceMaster denies any remaining factual allegations contained in paragraph 15.

16. ServiceMaster denies the allegations in paragraph 16 of the Complaint.

17. ServiceMaster denies the allegations in paragraph 17 of the Complaint.

18. ServiceMaster lacks sufficient information to either admit or deny the allegations in paragraph 18 of the Complaint.


FRITH
ANDERSON
+PEAKE PC
ATTORNEYS AT LAW
Roanoke, Virginia

- 3 -

1147.1273\NHS
4820-2638-8361 .v5

19. ServiceMaster denies the allegations in paragraph 19 of the Complaint.

20. ServiceMaster denies the allegations in paragraph 20 of the Complaint.

21. ServiceMaster denies the allegations in paragraph 21 of the Complaint.

22. Regarding the allegations contained in paragraph 22 of the Complaint, ServiceMaster admits only that Coffey stated to Mary Faw that Charles Chapman made a comment to Coffey about Coffey's pants being tight. ServiceMaster denies any remaining factual allegations contained in paragraph 22.

23. Regarding the allegations contained in paragraph 23 of the Complaint, ServiceMaster admits only that on or about March 6, 2017, Coffey stated to Chris Martin and Todd White that Charles Chapman made comments about his dating life and Coffey's clothing. ServiceMaster denies any remaining factual allegations contained in paragraph 23 as written.

24. ServiceMaster denies the allegations contained in paragraph 24 of the Complaint.

25. ServiceMaster denies the allegations contained in paragraph 25 of the Complaint.

26. Regarding the allegations contained in paragraph 26 of the Complaint, ServiceMaster admits only that Coffey has not performed any work for ServiceMaster since March 8, 2017. ServiceMaster denies the remaining allegations contained in paragraph 26.

27. For its response to paragraph 27 of the Complaint, ServiceMaster incorporates by reference its responses to paragraphs 1–26 as if fully set forth herein.

28. The allegations contained in paragraph 28 of the Complaint are mere legal conclusions to which no response is required. ServiceMaster denies any remaining factual allegations contained in paragraph 28.


FRITH
ANDERSON
+PEAKE PC
ATTORNEYS AT LAW
Roanoke, Virginia

1147.1273\NHS
4820-2638-8361 .v5

29. The allegations contained in paragraph 29 of the Complaint are mere legal conclusions to which no response is required. ServiceMaster denies any remaining factual allegations contained in paragraph 29.

30. The allegations contained in paragraph 30 of the Complaint are mere legal conclusions to which no response is required. ServiceMaster denies any remaining factual allegations contained in paragraph 30.

31. The allegations contained in paragraph 31 of the Complaint are mere legal conclusions to which no response is required. ServiceMaster denies any remaining factual allegations contained in paragraph 31.

32. The allegations contained in paragraph 32 of the Complaint are mere legal conclusions to which no response is required. ServiceMaster denies any remaining factual allegations contained in paragraph 32.

33. The allegations contained in paragraph 33 of the Complaint are mere legal conclusions to which no response is required. ServiceMaster denies any remaining factual allegations contained in paragraph 33.

34. The allegations contained in paragraph 34 of the Complaint are mere legal conclusions to which no response is required. ServiceMaster denies any remaining factual allegations contained in paragraph 34.

35. For its response to the allegations in paragraph 35 of the Complaint, ServiceMaster incorporates by reference its responses to paragraphs 1–34 as if fully set forth herein.

36. The allegations contained in paragraph 36 of the Complaint are mere legal conclusions to which no response is required. ServiceMaster denies any remaining factual allegations contained in paragraph 36.


FRITH ANDERSON +PEAKE PC
ATTORNEYS AT LAW
Roanoke, Virginia

1147.1273\NHS
4820-2638-8361 .v5

37. The allegations contained in paragraph 37 of the Complaint are mere legal conclusions to which no response is required. ServiceMaster denies any remaining factual allegations contained in paragraph 37.

38. The allegations contained in paragraph 38 of the Complaint are mere legal conclusions to which no response is required. ServiceMaster denies any remaining factual allegations contained in paragraph 38.

39. ServiceMaster denies that Coffey is entitled to the relief/damages sought from ServiceMaster in the Complaint or to any relief/damages from ServiceMaster whatsoever.

40. Trial by jury is demanded.

### AFFIRMATIVE DEFENSES

41. ServiceMaster was not Coffey's "employer" under Title VII.

42. ServiceMaster had a legitimate, non-retaliatory reason for terminating Coffey's temporary assignment.

43. Coffey fails to state a claim for sexual harassment/sex discrimination/hostile work environment under Title VII.

44. The alleged harassment was not sufficiently pervasive or severe so as to alter the conditions of employment and create an abusive or hostile atmosphere.

45. No basis exists for imputing liability for the alleged harassment to ServiceMaster.

46. Coffey fails to state a claim for retaliation under Title VII.

47. ServiceMaster's reason for terminating Coffey's temporary assignment was not pretext.

48. ServiceMaster took reasonable steps to correct the alleged harassing behavior.

49. Coffey failed to mitigate her damages.


FRITH ANDERSON +PEAKE PC
ATTORNEYS AT LAW
Roanoke, Virginia

Case 7:19-cv-00015-MFU-RSB Document 10 Filed 03/11/19 Page 7 of 8 Pageid#: 27

50. Coffey's claims are barred by the applicable statute of limitations.

51. The Complaint fails to allege sufficient facts warranting punitive damages.

52. The United States District Court for the Western District of Virginia is an improper venue for this action.

53. ServiceMaster reserves the right to amend this Answer to assert any other affirmative defenses supported by the evidence and information learned in discovery.

    Respectfully submitted,

    SERVICEMASTER OF SHENANDOAH VALLEY, INC.

    /s/
    Of Counsel
Phillip V. Anderson (VSB No. 23758)
Nathan H. Schnetzler (VSB No. 86437)
FRITH ANDERSON + PEAKE, P.C.
29 Franklin Road, SW
P.O. Box 1240
Roanoke, Virginia 24006-1240
Phone: (540) 772-4600
Fax: (540) 772-9167
Email: panderson@faplawfirm.com
       nschnetzler@faplawfirm.com
*Counsel for Defendant ServiceMaster of Shenandoah Valley, Inc.*



- 7 -

1147.1273\NHS
4820-2638-8361 .v5

## CERTIFICATE OF SERVICE

I hereby certify that on March 11, 2019 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will automatically send notification of such filing to counsel of record

/s/_____
Nathan H. Schnetzler



1147.1273\NHS
4820-2638-8361 .v5