**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION**

| | |
|---|---|
| DEANNA COFFEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 7:19-cv-0015 |
| v. ) | |
| ) | |
| TYLER STAFFING SERVICES, INC. ) | |
| D/B/A CHASE PROFESSIONALS ) | |
| ) | **ORDER** |
| and, ) | |
| ) | |
| SERVICEMASTER OF SHENANDOAH ) | |
| VALLEY, INC. ) | |
| ) | |
| Defendants. ) | |

Plaintiff filed this employment action alleging claims of sexual harassment and retaliation against Defendants Tyler Staffing Services, Inc. d/b/a Chase Professionals ("Chase") and ServiceMaster of Shenandoah Valley, Inc. ("ServiceMaster"). Plaintiff claims that she was the subject of sexual harassment from the supervisor of her work crew when Chase, a temporary employment agency, placed her with ServiceMaster. Plaintiff worked with ServiceMaster from January 10, 2017 until her termination on March 8, 2017. She seeks to hold both defendants liable under a joint employer theory.

Presently before me is Plaintiff's Motion to Compel Discovery or, in the Alternative, *in Limine.* (Dkt. 65). Additionally, ServiceMaster makes a "request" in its opposition brief that I compel Plaintiff to produce certain electronically stored information from her wireless devices or

social media accounts.[1] I **GRANT in part and DENY in part** Plaintiff's motion and **DENY** ServiceMaster's discovery request.

The Fourth Circuit set forth the legal test for determining joint employment in <u>Butler v. Drive Auto. Indus. of Am.</u>, 793 F.3d 404 (4th Cir. 2015). These factors are as follows:

1. authority to hire and fire the individual;

2. day-to-day supervision of the individual, including employee discipline;

3. whether the putative employer furnishes the equipment used and the place of work;

4. possession of and responsibility over the individual's employment records, including payroll, insurance, and taxes;

5. the length of time during which the individual has worked for the putative employer;

6. whether the putative employer provides the individual with formal or informal training;

7. whether the individual's duties are akin to a regular employee's duties;

8. whether the individual is assigned solely to the putative employer; and

9. whether the individual and putative employer intended to enter into an employment relationship.

<u>Id.</u> at 413-415. It is against the backdrop of <u>Butler</u> and its joint employer test that I analyze the motion to compel.

**<u>Plaintiff's Discovery Requests to Defendant Chase</u>**

Plaintiff makes the following document requests to Chase:

1. If you deny that Servicemaster and Chase were joint employers in this case, produce:
a. The time records of all employees assigned by Chase to work for Servicemaster during the period January 1, 2016 until the present.

---

[1] ServiceMaster has not filed a specific motion in support of its discovery request as would be expected. I address the request for judicial efficiency purposes so the parties are not needlessly bogged down in discovery disputes.

b. All cancelled checks, bank records, and other records of moneys paid by Servicemaster to Chase during the period January 1, 2016 until the present.
c. All emails and other correspondence by and between employees and agents of Servicemaster and Chase during the period January 1, 2016 until the present.

Dkt. 65, Ex. 1.

8. Provide copies of all documents, including but not limited to contracts, agreements, correspondence and emails concerning the business arrangement(s) identified in response to Interrogatory 4.

Dkt. 65, Ex. 3.

**Plaintiff's Discovery Requests to Defendant ServiceMaster**

Plaintiff makes the following document requests to ServiceMaster:

2. If you deny that ServiceMaster and Chase were joint employers in this case, produce:
a. The time records of all employees assigned by Chase to work for ServiceMaster during the period January 1, 2016 until the present.
b. All cancelled checks, bank records, and other records of moneys paid by ServiceMaster to Chase during the period January 1, 2016 until the present.
c. All emails and other correspondence by and between employees and agents of ServiceMaster and Chase during the period January 1, 2016 until the present.

Dkt. 65, Ex. 2.

Provide copies of all documents, including but not limited to contracts, agreements, correspondence and emails concerning the business arrangement(s) identified in response to Interrogatory 5.

Dkt. 65, Ex. 4.

Produce an exact copy of the hard drives of all computers used to send or receive emails from Tyler Staffing Services, Inc. d/b/a Chase Professionals ("Chase") and its agents or employees.

Dkt. 65, Ex. 2.

**Time Records**

I find it both relevant and proportional to the issues in the case to compel Defendants to produce the time records of those employees assigned by Chase to work for ServiceMaster from

January 1, 2017 through March 15, 2017 who were either working in the same crew(s) as Plaintiff or doing similar work. Such time records are relevant and discoverable as to the joint employer issue during the time Chase assigned Plaintiff to work for ServiceMaster. See Gutescu v. Carey Intern., Inc., No. 01–4026–CIV, 2003 WL 25589036, at *2 (S.D. Fla. June 24, 2003) (rejecting as overbroad in joint employment context discovery request for information beyond Plaintiff's work unit); Huggins v. Chestnut Holdings, Inc., 2019 WL 2616252, at *4 (S.D. N.Y., June 25, 2019) (overruling objections to request for production and interrogatory seeking information "during the relevant time period" for purposes of joint employment analysis). I deny the request for time records outside the period during which Plaintiff worked for ServiceMaster.

**Cancelled Checks and Correspondence**

I grant the motion to compel and require Defendants to produce any cancelled checks, bank records, and other records of moneys paid by ServiceMaster to Chase and all emails and other correspondence by and between employees and agents of ServiceMaster and Chase, but limited only to the work crews to which Plaintiff was assigned or other work similar to that which Plaintiff performed. This discovery is limited to the period of January 1, 2017 to March 15, 2017. I deny the request for records outside this timeframe or for workers assigned to other types of work as such requests are not relevant to any claim or defense or proportional to the case.

**Contracts**

Plaintiff has requested copies of all documents, including but not limited to contracts, agreements, correspondence and emails concerning the business arrangement between Chase and ServiceMaster from January 31, 2016 to the present. See Dkt. 65, Ex. 3, p. 7; Dkt. 65, Ex. 4, p. 6. Such documents are relevant to whether Defendants are joint employers, but only during the

4

time Plaintiff worked for ServiceMaster. Thus, Defendants shall produce such documents in force from January 1, 2017 through March 15, 2017. See Gonzalez v. JBS Live Pork, LLC, No. 18-cv-3044, 2019 WL 938862, at *4 (C.D. Ill. Feb. 26, 2019) (allowing discovery of information regarding the relationship between putative joint employers over a reasonable period of time).

**Hard Drive of ServiceMaster**

Plaintiff seeks the hard drives of any ServiceMaster computer used to communicate with Chase to search for emails and other discoverable evidence because ServiceMaster did not produce any e-mails with Chase responsive to Plaintiff's discovery requests. Plaintiff has the burden to establish that ServiceMaster failed to respond to a discovery request or to produce documents sought. Plaintiff simply does not to accept that ServiceMaster has no responsive documents. Thus, the motion to compel for the hard drives of the ServiceMaster computers is denied without further evidence that ServiceMaster failed to produce documents in its possession or otherwise shirked its discovery responsibilities. See McCurdy Group v. American Biomedical Group, Inc., 9 Fed.Appx. 822, 831 (10th Cir. 2001) (affirming the district court's denial of a request to compel the production of the opponent's hard drives due to movant's failure to justify the request beyond merely expressing skepticism that the opponent had produced from the hard drives copies of all relevant and nonprivileged documents).

Plaintiff's alternative motion in limine is denied. See Beach v. Costco Wholesale Corporation, No. 5:18-cv-00092, 2019 WL 1495296, at *4 (W.D. Va. Apr. 4, 2019) ("The discovery phase of litigation is not the proper stage for rulings on disputes over what material may ultimately be presented to a jury.").

**ServiceMaster Discovery Request**

Defendant ServiceMaster seeks from Plaintiff access to her phone or other wireless devices on a hunch based upon the testimony of one witness that perhaps while Plaintiff worked for ServiceMaster she devoted too much time to these devices instead of her work. ServiceMaster also wants access to text messages and social media accounts on the belief that such accounts are "likely to have relevant information regarding the extent of her damages" and that there appears to be an unexplained gap in the postings on her Facebook account. Defendant cites to no evidence that these requests are indeed relevant or proportional to this case, has not filed a motion to compel, has not indicated that it has attempted to resolve this matter informally as required by the district court's pretrial order, and has not had a meaningful meet and confer under Rule 26.

I do not find these requests, at this time, proportional to the nature of the case, and thus, decline to compel the production of the social media account information ServiceMaster seeks.

It is **SO ORDERED**.

Entered: January 22, 2020

*Robert S. Ballou*

Robert S. Ballou
United States Magistrate Judge