IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DEANNA COFFEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 7:19–cv–00015 |
| ) | |
| TYLER STAFFING SERVICES, INC. ) | |
| D/B/A CHASE PROFESSIONALS ) | |
| ) | |
| and ) | |
| ) | |
| SERVICEMASTER OF SHENANDOAH ) | |
| VALLEY, INC. ) | |
| ) | |
| Defendants. ) | |

## ORDER

Before me are Plaintiff's Motion to Reconsider Magistrate Judge's Discovery Order of January 23, 2020 (Dkt. 83)[1] and Defendant Tyler Staffing Services, Inc. d/b/a Chase Professionals ("Chase")'s Motion to Seal Privileged Documents, Claw Back Privileged Documents, and for Order Finding no Waiver of Privilege (Dkt. 85). Plaintiff asks that I reconsider my earlier decision to permit some limited discovery regarding documents which Chase may have involving the relationship between co–defendant ServiceMaster and it. Plaintiff seeks to expand the time period for production of documents because Chase did not produce the requested documents until ordered to do so. In turn, Chase claims that the produced documents are protected from discovery under the work product doctrine, and seeks to "claw back" the documents from production and seal the exhibits attached to Plaintiff's motions which contain

---

[1] On January 30, 2020, Plaintiff filed a Motion to Reconsider (Dkt. 83) and Objections (Dkt. 84) to the Court's January 23, 2020 Order (Dkt. 79) as attachments to a Motion to Seal Documents (Dkt. 81). On February 24, 2020, Judge Urbanski overruled Plaintiff's Objections and referred to me "further resolution of this issue" (Dkt. 91).

these e-mails.

I find that produced e-mails are not protected work product and not subject to being clawed back or sealed on the record. I also find the relief requested by Plaintiff's Motion to Reconsider is not merited. Accordingly, I **DENY** both Defendant Chase's Motion to Seal Privileged Documents, Claw Back Privileged Documents, and for Order Finding no Waiver of Privilege and Plaintiff's Motion to Reconsider.

## I. Background

Plaintiff worked for Tyler Staffing Services, Inc. d/b/a Chase Professionals from January 10, 2017 until her termination on March 8, 2017. Chase serves as a temporary staffing agency for ServiceMaster of Shenandoah Valley, Inc. ("ServiceMaster"), and during the time of her employment, Chase contracted for Plaintiff to work on a crew for ServiceMaster. Plaintiff claims her supervisor at ServiceMaster sexually harassed her, and that both Chase and ServiceMaster retaliated by firing her when she complained to ServiceMaster about the sexual harassment by her supervisor. Plaintiff brought this action against Chase and ServiceMaster for sexual harassment and retaliation, claiming that both defendants are liable to her as joint employers.

On January 23, 2020, I granted, in part, Plaintiff's Motion to Compel Discovery or, in the Alternative, in Limine, requiring ServiceMaster to produce certain documents and e–mails regarding the relationship between Chase and ServiceMaster. Dkt. 79. I limited the time period regarding the document production to those responsive documents from January 1, 2017 through March 15, 2017. Dkt. 70. I also denied Plaintiff's request that ServiceMaster produce the hard drive to its server stating as follows:

> Plaintiff has the burden to establish that ServiceMaster failed to respond to a discovery request or to produce documents sought. Plaintiff simply does not to accept that ServiceMaster has no responsive documents. Thus, the motion to compel for the hard drives of the ServiceMaster computers is denied without

> further evidence that ServiceMaster failed to produce documents in its possession or otherwise shirked its discovery responsibilities. See McCurdy Group v. American Biomedical Group, Inc., 9 Fed.Appx. 822, 831 (10th Cir. 2001) (affirming the district court's denial of a request to compel the production of the opponent's hard drives due to movant's failure to justify the request beyond merely expressing skepticism that the opponent had produced from the hard drives copies of all relevant and nonprivileged documents).

Id., p. 5.

On January 30, 2020, Plaintiff filed a Motion to Seal Objections to and a Motion to Reconsider and attached as exhibits certain e-mails that Chase produced in response to my discovery order. Dkt. 81, 83, 84. In short, Plaintiff contends that Chase should have produced the particular e-mails earlier, and that its failure to do so is reflective of its bad faith and that it has not complied with its discovery obligations. Chase, for its part, claims that the particular e-mails are protected work product and seeks to have them clawed back from Plaintiff.

## II. Whether Defendant Chase Can Claw Back Privileged Materials

Defendant Chase produced the particular e-mails to Plaintiff specifically reserving the right to claim that they are not subject to discovery under the work product doctrine.

### A. Work Product Doctrine

Federal Rule of Civil Procedure 26(b)(3)(A), states: "Ordinarily, a party may not discover documents ... that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent)." There are three threshold requirements to shield documents from discovery under this rule:

> First, the information sought must be otherwise discoverable. Second, it must have been prepared in anticipation of litigation. Third, the material must have been prepared by or for a party to the lawsuit or by of for that party's representative.

Collins v. Mullins, 170 F.R.D. 132, 134 (W.D. Va. 1996). Chase, as the party opposing

discovery, bears the burden of showing that information or material withheld from discovery is protected by the work–product doctrine. See Hawkins v. Stables, 148 F.3d 379, 383 (4th Cir. 1998) (citing United States v. Jones, 696 F.2d 1069, 1072 (4th Cir.1982)); Front Royal Ins. Co. v. Gold Players, Inc., 187 F.R.D. 252, 254 (W.D. Va. 1999); Collins, 170 F.R.D. at 134. Generally, sharing material between parties waives the work product privilege However, in certain circumstances, the common interest doctrine permits parties whose legal interests coincide to share privileged materials with one another to more effectively prosecute or defend their claims. Hunton & Williams v. DOJ, 590 F.3d 272, 277–278 (4th Cir.2010) (citing In re Grand Jury Subpoenas, 89–3 and 89–4, John Doe 89–129, 902 F.2d 244, 248–49 (4th Cir.1990)).

Documents or information protected by the work product doctrine are nevertheless discoverable if the requesting party shows that "it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means." Fed. R. Civ. P. 26(b)(3)(A)(ii); Adair v. EQT Prod. Co., 294 F.R.D. 1, 3–4 (W.D. Va. 2013). However, even if certain documents are protected by the work product doctrine, the "facts themselves" are not protected. Connecticut Indem. Co. v. Carrier Haulers, Inc., 197 F.R.D. 564, 574 (W.D.N.C. 2000) (quoting Ring v. Commercial Union Ins. Co., 159 F.R.D. 653, 659 (M.D.N.C. 1995)).

The documents Defendant Chase claims to be privileged, CP000097–CP000107, consist of six sets of emails between Chase and ServiceMaster employees sent on April 12 and 13, 2017, and break into two groups – the first relates to the response prepared by Chase and ServiceMaster to Plaintiff's EEOC complaint following the termination of her employment. The second group of e-mails are between Chase's Branch Manager, Kim Schaffer, and ServiceMaster Co–Owner and General Manager Jeb Arbaugh requesting that Schaffer send copies of e-mails

4

relating to Plaintiff's termination. Finally, Chase seeks to protect the e-mails between Schaffer and Arbaugh which transmit ServiceMaster's Employment Practices Liability Insurance.

Defendant Chase argues that the work product privilege applies because each of these emails was obtained or prepared in response to Plaintiff's EEOC charge, that Chase only shared these emails with ServiceMaster, and that both had a common interest in defending against the EEOC charge. Plaintiff argues that the communications are not privileged because they are simply routine emails regarding a harassment complaint not prepared by an attorney and that Defendants shared no common interest.

Here, the emails are otherwise discoverable, as they shed light on the employment relationship between Defendants. The documents were also prepared in anticipation of litigation, as they relate to Defendants' efforts to respond to Plaintiff's discrimination and retaliation claims in her EEOC charge. See Moore v. DAN Holdings, Inc., 2013 WL 1833557 at *7–8 (M.D.N.C. 2013) (an investigation following an EEOC charge constitutes activity in anticipation of litigation). The fact that these materials were not prepared by an attorney does not, by itself, disqualify them from falling under the work product doctrine. The Fourth Circuit has held that "work product need not be the direct product of an attorney." Nat'l Union Fire Ins. Co. of Pittsburgh v. Murray Sheet Metal Co., Inc., 967 F.2d 980, 984 (4th Cir. 1992). Rather, Fed.R.Civ.Pr. 26(b)(3) protects from discovery materials prepared in anticipation for litigation "by or for another party or its representative." These materials were prepared "by or for a party" because they were prepared by Defendants' employees, including in some instances by a co–owner of ServiceMaster and a branch manager of Chase.

However, for work product privilege to apply, the subject materials "must be part of the process of seeking, developing, or conveying legal advice or strategy." In re Lumber Liquidator

S Chinese–Manufactured Flooring Products Marketing, No. 1:15-md-02627, 2015 WL 9474286, at *1 (E.D. Va. 2015). The emails here do not involve the investigation of the claim asserted by Plaintiff or the development of legal strategy. Rather, the e-mails generally relate to the efforts by Chase and ServiceMaster to coordinate responses to Plaintiff's EEOC complaint. At best the e-mails show a request for documents or a transmittal of documents involving the response to Plaintiff's EEOC complaint. Simply put, the work product doctrine does not apply to these emails. See E.I. DuPont de Nemours and Co. v. Kolon Industries, Inc., No. 3:09CV58, 2010 WL 1489966, at *7 (E.D.Va. Apr. 13, 2010) (holding that the work product privilege applies to law firm's reports of litigation–related investigations, but not to the "covering" or "forwarding" emails transmitting them). Thus, I find that Chase has failed to carry its burden to demonstrate the applicability of the work product doctrine in this instance. See Solis v. Food Employers Labor Relations Ass'n, 644 F.3d 221, 232 (4th Cir.2011); E.I. Du Pontde Nemours and Co. v. Kolon Indus., Inc., No. 3:09cv58, 2010 WL 1489966, at *3 (E.D.Va. Apr. 13,2010) ("The party seeking protection must make this showing with a specific demonstration of facts supporting the requested protection, preferably through affidavits from knowledgeable persons") (internal quotations omitted).

Further, I find that Chase and ServiceMaster did not share a common interest to provide work product protection to the e-mails. The Fourth Circuit has held that the joint defense privilege extends to communications between civil co–defendants, rather than just their lawyers. See In re Grand Jury Subpoenas, 89–3 & 89–4, John Doe 89–129, 902 F.2d 244, 249 (4th Cir. 1990). However, in Am. Mgmt. Servs., LLC v. Dep't of the Army, the Fourth Circuit held that "there must be an agreement or a meeting of the minds" for the common interest doctrine to apply and that mere "indicia of joint strategy as of a particular point in time are insufficient to

demonstrate that a common interest agreement has been formed." 703 F.3d 724, 733 (4th Cir. 2013) (internal citations and quotations omitted). Here, the evidence produced by Defendant Chase consists of no more than a mere indicia of joint strategy as of a particular point in time, as the emails only capture employees sharing materials to respond to Plaintiff's EEOC complaint and do not demonstrate any broader legal approach. Chase simply has not shown that it and ServiceMaster had an agreement that it had a common defense interest. Compare with McAirlaids, Inc. v. Kimberly–Clark Corp., No. 7:13–CV–193, 2014 WL 12782814, at *4 (W.D. Va. Sept. 26, 2014) (common interest doctrine applies where parties "were exchanging confidential information pursuant to an agreement, albeit unwritten, to pool information for a common goal, the defense of this lawsuit.").

And, even if Defendant Chase could show that a "meeting of the minds" took place, I find it lacked a common interest with Defendant ServiceMaster necessary for the doctrine to provide protection. Both Defendants may have shared an interest in opposing Plaintiff's EEOC claim, but this alone does not trigger the doctrine. See Baltimore Scrap Corp. v. David J. Joseph Co., No. L–96–827, 1996 WL 720785, at *8 (D. Md. Nov. 20, 1996) (defendants who are "jointly accused of an unlawful act or face a common threat of litigation, does not necessarily demonstrate, at least for purposes of the common interest doctrine, that they share a common interest in the suit or in defending against the accusations" because though "they plainly have a common interest in being exculpated and defending against the State's allegations, it is not necessarily true that their interests in relation to one another are complementary."). Here, Defendant Chase wrote in its response to the EEOC complaint that it "sent" Plaintiff "to start work" with Defendant ServiceMaster and that Chase "pay rolled" Plaintiff "to work at ServiceMaster." Dkt. 101, p. 6. In its Answer to the present lawsuit, Chase asserted, "Plaintiff's

7

claims against Chase are barred because Chase was not Plaintiff's 'employer' under Title VII."
Dkt 34, p. 12. By contrast, Defendant ServiceMaster included in its response to the EEOC complaint that "At all times relevant, Ms. Coffey was employed by Chase Professionals" and "The [Sexual Harassment] Policy is not given to temporary workers, because they are technically employed by the staffing and recruiting company and not by Service Master." Dkt. 102, pp. 2, 34. Further, Plaintiff has pointed to evidence of Chase employees temporarily severing Chase's work relationship with ServiceMaster as a result of Plaintiff's complaint. See Dkt. 12, pp. 12–13. I hold that these factors prevent the common interest exception from applying. See In re Sanctuary Belize Litigation, No. PJM 18–3309, 2019 WL 6717771 (D. Md. Dec. 10, 2019) (holding that the common interest exception did not apply to communications between *pro se* defendants whose individual legal interests were not aligned).

Plaintiff requests that because Chase failed to produce the requested e-mails, I should order, as a sanction, that ServiceMaster produce an exact image of the hard drive of all computers used to send and receive emails to Chase, and that I order both Defendants to produce all emails and other correspondence by and between employees and agents of ServiceMaster and Chase from January 1, 2016 to the present. Id.

I find the drastic relief requested by Plaintiff seeks information which is neither relevant to her claims nor proportional to the needs of the case. Chase has steadfastly maintained that the e-mails at issue in this motion were privileged and has made good faith arguments that they constitute work product. These emails fall outside the date range I specified in my previous Order on Plaintiff's Motion to Compel. Dkt. 79. Thus, I do not find my determination that work product privilege does not, in fact, apply to them to create any inference that Defendants have shirked their discovery responsibilities.

8

## III. CONCLUSION

I **DENY** Defendant Chase's Motion to Seal Privileged Documents, Claw Back Privileged Documents, and for Order Finding no Waiver of Privilege. Dkt. 85. Since these documents are not protected from discovery and do not contain any information to justify sealing them on the docket, I direct the clerk to remove Dkt. 83 and 84 from temporary sealing. Finally, I **DENY** Plaintiff's Motion to Reconsider. Dkt. 83.

It is so **ORDERED**.

Entered March 18, 2020

*Robert S. Ballou*

Robert S. Ballou
United States Magistrate Judge