# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

|  |  |  |
|---|---|---|
| DEANNA COFFEY, | ) | |
| Plaintiff, | ) | |
|  | ) | Civil Action No. 7:19-cv-00015 |
| v. | ) | |
|  | ) | |
| TYLER STAFFING SERVICES, | ) | |
| INC., et al., | ) | |
| Defendant. | ) | By:   Michael F. Urbanski |
|  | ) |        Chief U.S. District Judge |
|  | ) | |

## MEMORANDUM OPINION

This matter comes before the court on defendant Servicemaster of Shenandoah Valley, Inc.'s ("Servicemaster") motion to dismiss allegations of unwanted touching in Count One of plaintiff Deanna Coffey's Second Amended Complaint, ECF No. 124, for lack of jurisdiction under Federal Rule of Civil Procedure 12(b)(1), and Servicemaster's motion to dismiss Count One in its entirety for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), ECF No. 126. Coffey responded in opposition, ECF No. 131, and Servicemaster replied, ECF No. 132. The court heard argument on June 1, 2020, and the motions are ripe for resolution.

For the reasons articulated herein, the court **DENIES** Servicemaster's motion to dismiss Count One of the Second Amended Complaint for lack of jurisdiction and failure to state a claim. Coffey may proceed on Count One against both defendants, including the allegations of physical harassment.

1

## I.

This case arises out of a complaint brought by Coffey against defendants Servicemaster and Tyler Staffing Services, Inc., doing business as Chase Professionals ("Chase"), alleging sex discrimination in the workplace and retaliatory termination in violation of Title VII of the Civil Rights Act of 1964 on January 8, 2019. Compl., ECF No. 1. In her complaint, Coffey alleges that Chase and Servicemaster are jointly and severally liable as her joint employers for action and inaction that created a hostile work environment and for firing her when she raised complaints about the sexual harassment she experienced that created the hostile work environment. Id. Coffey's original complaint alleged that she had begun working for Chase, a temp service, and Servicemaster, a company contracting with Chase, in January 2017 until her termination on March 8, 2017. Id. at 3. She claims that while working for defendants, she was sexually harassed by a male coworker, Charles Chapman, and that when she reported her experience to Chris Martin and Todd White, who were both Servicemaster managers, she was fired. Id. at 3-5.

On March 11, 2019, Chase filed a motion to dismiss the complaint and a motion to compel arbitration. ECF No. 11. Coffey opposed the motion, arguing that dismissal was inappropriate and that the arbitration agreement is unenforceable. ECF No. 25. Servicemaster responded to the motion to dismiss and to compel arbitration arguing that it was not a party to the agreement and therefore should not be governed by its terms. ECF No. 26. The court agreed that Servicemaster was not party to the arbitration agreement, that dismissal was an inappropriate remedy, and that the arbitration agreement was incomplete and therefore unenforceable. ECF No. 32.

On June 6, 2019, Chase again moved to dismiss the complaint for a failure to state a claim. ECF No. 42. It withdrew this motion upon Magistrate Judge Robert S. Ballou's decision to grant Coffey the opportunity to amend her complaint. ECF No. 47. Coffey filed an Amended Complaint on July 11, 2019. ECF No. 48. Servicemaster and Chase answered the complaint on July 25, 2019. ECF Nos. 49, 50. Discovery ensued.

On December 24, 2019, Servicemaster moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) as to Count One of the Amended Complaint, alleging a hostile work environment. ECF No. 68. Servicemaster argued that Count One does not raise a colorable hostile work environment cause of action as a matter of law. Id. Coffey disagreed, arguing that the motion improperly relied on material outside the pleadings, did not read the complaint in the light most favorable to the non-moving party, and misapplied the law. ECF No. 71.

Before the motion was addressed, Coffey filed a motion to amend the Amended Complaint on March 30, 2020, claiming it merely clarifies the timeline of events based on information obtained during discovery for clarity and will not prejudice defendants. ECF No. 112. Servicemaster opposed the motion to amend, claiming it was untimely, brought in bad faith, and prejudicial. ECF No. 114. Magistrate Judge Ballou granted the motion to amend the Amended Complaint, finding it "neither adds new claims nor seeks additional or different relief." ECF No. 119, at 2. In granting the motion to amend, Magistrate Judge Ballou specifically found that by including allegations that the harassment Coffey experienced included unwanted physical contact and that Coffey had told her harassers to leave her alone directly responds to Servicemaster's previous claims that Coffey's allegations fail to establish

3

a hostile work environment as a matter of law. Id. at 3. Additionally, the court found that the motion to amend was brought promptly after the new allegations were uncovered during Coffey's deposition, taken just a week before the end of discovery. Therefore, the Magistrate Judge found no bad faith in the timing or motivation for requesting a second amendment. Further, the court rejected Servicemaster's argument that the new allegations of physical contact sufficiently expands the scope of the underlying claims so as to preclude them as either conduct not preserved in the original Equal Employment Opportunity Commission ("EEOC") petition underlying this action or unduly prejudicial to add at the close of discovery. Id. at 3-6. The motion to amend was granted and the court stated it would permit reopening discovery if required "to assure that the parties are given a fair opportunity to complete the discovery necessary to address the claims and defenses raised." Id. at 6. The trial was continued from its original June 29 date in light of the ongoing COVID-19 crisis. Id. Coffey filed her Second Amended Complaint on April 10, 2020. ECF No. 120. Accordingly, Servicemaster's motion for judgment on the pleadings was rendered moot and denied. ECF No. 121.

The Second Amended Complaint states that Coffey was hired by Servicemaster, that Chase managed the onboarding process, that she wore Servicemaster company clothes, and that Chase ultimately terminated her employment. Second Am. Compl., ECF No. 124. She claims that she was warned about Chapman by her crew chief, Mary, when she began work on site, and that other coworkers expressed similar concerns and shared stories detailing Chapman engaging in a physical relationship with another young female coworker. Id. at 5. On March 2, 2017, Coffey claims "Chapman began to make inappropriate sexual comments to plaintiff and touched her inappropriately." Id. She describes an instance when he allegedly

4

stated "you don't need to be wearing the pants you are wearing because I can see a perfect outline of your cute little ass," and "you have a smoking hot body." Id. She states he once brushed against her buttocks when she was not looking at him and that when she turned around, she found him staring at her. Id. Chapman allegedly also asked Coffey why so many young women "wanted him" and told her he was going to leave his wife for a 28-year old in the army. Id. at 5-6. On the job site, a dog started "humping" Coffey's leg, which Chapman encouraged with "atta boy. Keep humping her. Good work." Id. at 6. Coffey claims she asked Chapman to leave her alone, but that despite her request, he allegedly asked her to drive him home. When she refused, Coffey claims he became "extremely angry" and said "well fine, then I'll just have the bitch pick me up," which she took to mean his wife. Id.

Coffey claims she reported the harassment to Mary Faw the next day, who suggested she escalate the issue to the managers Chris Martin and Todd White. She did not work over the weekend and raised her experiences with Chapman to Martin and White on Monday, March 6, 2017. Id. Coffey states that the managers told her not to complain to Chase, because she worked for Servicemaster. Coffey claims the managers brought the matter to the attention of Servicemaster's owner, Jeb Arbaugh, who ultimately made the decision to terminate Coffey. Coffey claims she could tell Chapman was told about her complaint because of a stark shift in his behavior when she returned to the job site after complaining to management, and that he had admitted to Martin and White that he had made sexual comments to Coffey, though he claims she took them out of context. Id. at 7. Coffey was told about her termination on March 8, 2017 by a Chase representative, and when she told the representative that she had been harassed and was being retaliated against, the representative told her to put her complaint in

5

writing. Id. She was told Chase would investigate the harassment but has never heard back. Id. Coffey filed a Charge of Discrimination with the EEOC on March 14, 2017 and received a notice of right to sue from the EEOC on October 24, 2018. Id. at 2.

On April 24, 2020, Servicemaster filed the two motions to dismiss currently before the court, claiming that the court does not have jurisdiction to address the allegations of physical harassment added in the Second Amended Complaint as they are beyond the scope of the EEOC charge, ECF No. 124, and that Coffey still fails to state a claim of a hostile work environment despite being given two opportunities to amend her complaint, ECF No. 126. Coffey contends that the introduction of a new fact cannot deprive the court of jurisdiction for the underlying claim. Further, she asserts her Second Amended Complaint sufficiently pleads a hostile work environment.

## II.

First, the court notes, and counsel for Servicemaster conceded at the hearing, that based on the Supreme Court's recent decision in Fort Bend County, Texas v. Davis, the claim that Coffey did not exhaust her administrative remedies under Rule 12(b)(1) is improper. 139 S. Ct. 1843, 1850 (2019). "Title VII's charge-filing requirement is not of jurisdictional cast." Id. Instead, Title VII's charge-filing provisions "speak to … a party's procedural obligations." Id. at 1851 (quoting EPA v. EME Homer City Generation, L. P., 572 U.S. 489, 511–512 (2014)). See also Olavarria v. Cooper, 776 F. App'x 128, 129 (4th Cir. 2019). Davis does not alter the requirement that plaintiffs file a charge with the EEOC prior to filing a complaint in federal court, it merely clarifies the manner in which defendants may challenge a failure to comply with this mandatory procedural requirement. Liggins v. G.A. & F.C. Wagman, Inc.,

No. 5:18-CV-72, 2019 WL 4039637, at *3 (W.D. Va. Aug. 27, 2019); see also Davis, 139 S. Ct. at 1851 ("Title VII's charge-filing requirement is a processing rule, albeit a mandatory one...."). Accordingly, the court construes Servicemaster's challenge as a motion to dismiss for failure to exhaust administrative remedies under Rule 12(b)(6), not a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1).

A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of the complaint. Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—that the pleader is entitled to relief." Id. at 679; see also Simmons v. United Mortg. & Loan Invest, 634 F.3d 754, 768 (4th Cir. 2011) ("On a Rule 12(b)(6) motion, a complaint must be dismissed if it does not allege enough facts to state a claim to relief that is plausible on its face.") (quotation and emphasis omitted).

A court must consider all well-pleaded allegations in a complaint as true, see Albright v. Oliver, 510 U.S. 266, 268 (1994), and must construe factual allegations in the light most favorable to the plaintiff. See Lambeth v. Bd. of Comm'rs, 407 F.3d 266, 268 (4th Cir. 2005). Nevertheless, a court is not required to accept as true "a legal conclusion couched as a factual allegation," Papasan v. Allain, 478 U.S. 265, 286 (1986), conclusory allegations devoid of any

reference to actual events, see United Black Firefighters v. Hirst, 604 F.2d 844, 847 (4th Cir. 1979), or "allegations that are merely conclusory, unwarranted deductions of fact or unreasonable inferences." Veney v. Wyche, 293 F.3d 726, 730 (4th Cir. 2002) (internal quotation marks omitted). "'Thus, in reviewing a motion to dismiss an action pursuant to Rule 12(b)(6), a court must determine whether it is plausible that the factual allegations in the complaint are enough to raise a right to relief above the speculative level.'" Monroe v. City of Charlottesville, 579 F.3d 380, 386 (4th Cir. 2009) (quoting Andrew v. Clark, 561 F.3d 261, 266 (4th Cir. 2009)).

"Generally, when a defendant moves to dismiss a complaint under Rule 12(b)(6), courts are limited to considering the sufficiency of the allegations set forth in the complaint and the 'documents attached or incorporated into the complaint.'" Zak v. Chelsea Therapeutics Int'l Ltd, 780 F.3d 597, 606 (4th Cir. 2015) (quoting E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc., 637 F.3d 435, 448 (4th Cir. 2011)). However, the court may consider documents outside of the amended complaint if they are "integral to the Complaint" and there is no dispute regarding their authenticity. Goines v. Valley Comm. Servs. Bd., 822 F.3d 159, 166 (4th Cir. 2016). A document is "integral to the Complaint" where the Complaint "relies heavily upon its terms and effect. . . ." Id. (quoting Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2d Cir. 2002)).

### III.

Servicemaster challenges Count One of Coffey's Second Amended Complaint in part for failure to exhaust her administrative remedies, or in the alternative, for failure to state a claim of a hostile workplace environment. Under Title VII, it is unlawful for an employer to

"fail or refuse to hire or to discharge any individual, or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's … sex." 42 U.S.C. § 2000e-2(a)(1). Title VII prohibits both "overt discrimination," known as "disparate treatment discrimination," and "practices that are fair in form, but discriminatory in operation," known as "disparate impact discrimination." Barnett v. Technology Int'l, Inc., 1 F.Supp.2d 572, 576 (E.D. Va. 1998) (internal quotation marks omitted) (quoting Griggs v. Duke Power Co., 401 U.S. 424, 431 (1971)). However, Title VII gives initial enforcement action to the EEOC. A person alleging discrimination must first file an administrative charge with the EEOC within a certain time of the alleged unlawful act. Chacko v. Patuxent Inst., 429 F.3d 505, 508 (4th Cir. 2005) (citing 42 U.S.C. § 2000e-5(e)(1)). A charge is well pled when it contains a written statement sufficiently precise to identify the parties and to describe generally the action or practices about which the claimant complains. 29 C.F.R. § 1601.12(b).

## A.

Servicemaster claims that Coffey's allegations that Chapman engaged in unwelcome physical contact go beyond the scope of the EEOC charge and are therefore procedurally barred. When an action is filed alleging Title VII violations, the EEOC charge "defines the scope of [plaintiff's] subsequent right to institute a civil suit" in federal court. Smith v. First Union Nat'l Bank, 202 F.3d 234, 247 (4th Cir. 2000). The charge must be "sufficiently precise to identify the parties, and to describe generally the action or practices complained of," 29 C.F.R. § 1601.12(b), such that a claimant's "employer is put on notice of the alleged violations." Miles v. Dell, Inc., 429 F.3d 480, 491 (4th Cir. 2005). However, "[t]he exhaustion

9

requirement should not become a tripwire for hapless plaintiffs." Sydnor v. Fairfax County, Va., 681 F.3d 591, 594 (4th Cir. 2012). "If 'the claims raised under Title VII exceed the scope of the EEOC charge and any charges that would naturally have arisen from an investigation thereof, they are procedurally barred.'" Chacko, 429 F.3d at 509. (quoting Dennis v. County of Fairfax, 55 F.3d 151, 156 (4th Cir. 1995)). "[A] plaintiff fails to exhaust his administrative remedies where . . . his administrative charges reference different time frames, actors, and discriminatory conduct than the central factual allegations in his formal suit." Id. at 506.

Here, Servicemaster concedes that the new conduct alleged in the Second Amended Complaint involves the same persons as the EEOC charge; the principal disagreement between the parties is whether the new mention of physical contact is conduct sufficiently removed from the conduct described on the EEOC charge as to be barred. Coffey further argues that Servicemaster misapplies the law, attempting to bar facts alleged to support a claim rather than the claim itself. The court agrees, finding that the EEOC charge and the Second Amended Complaint do not "describe two different cases" of the sort "that the administrative complaint process is designed to avoid." High v. R & R Transportation, Inc., 242 F. Supp. 3d 433, 440 (M.D.N.C. 2017) (quoting Chacko, 429 F.3d at 512).

Moreover, the court finds that the factual allegations that Chapman physically touched Coffey in an inappropriate manner are sufficiently related to the conduct laid out in the EEOC charge to be brought as a part of Count One. The Fourth Circuit has found exhaustion in cases alleging conduct not at all mentioned in the EEOC charge, as long as the activity was reasonably related to the claims brought in the EEOC charge. See e.g. Chisholm v. U.S. Postal Service, 665 F.2d 482, 491 (4th Cir. 1981) (alleging discrimination in the promotion but

10

bringing different aspects of the promotional system in the federal case from those described in the EEOC); Smith, 202 F.3d at 248 (permitting retaliation actions in court that were not mentioned in EEOC charge if retaliation generally was raised in charge).

The bulk of the activity alleged in the EEOC and the Second Amended Complaint overlap; indeed, much the harassment occurs over the course of the same workday. Coffey's allegations "did not involve shifting sets and a rotating cast of characters that would have deprived her former employer of notice of the allegations against it." Sydnor, 681 F.3d at 595. Awareness of the rumors about Chapman, the series of interactions between Coffey and Chapman at the worksite, and the complaints raised to Coffey's managers put Servicemaster on ample notice of the nature and character of the hostile work environment claim. The new information in the Second Amended Complaint is a far cry from raising an entirely new theory of discrimination, as precluded by the unpublished Craft v. Fairfax County Government case on which Servicemaster heavily relies. No. 1:16CV86-JCC, 2016 WL 4140852, at *6 (E.D. Va. Aug. 4, 2016) (barring a hostile work environment claim as unrelated to the retaliation charges brought in the EEOC).

This court has held that when the EEOC charge and the subsequent investigation are sufficient to put the defendant on notice of claims brought and sufficient to allow the EEOC to attempt conciliation, the two goals of the administrative charge requirement, then the plaintiff can be found to have exhausted her administrative remedies. Broome v. Iron Tiger Logistics, No. 7:17CV444, 2019 WL 6719495, at *7 (W.D. Va. Dec. 10, 2019). Accordingly, the court denies Servicemaster's motion to dismiss the physical contact allegations for failure to exhaust administrative remedies.

**B.**

Servicemaster next alleges that Coffey's factual allegations do not amount to a colorable hostile work environment claim and therefore Count One must be dismissed. When stating a claim under Title VII, "a plaintiff is not required to plead facts that constitute a prima facie case in order to survive a motion to dismiss," but the factual allegations must "raise a right to relief above a speculative level." Coleman v. Maryland Court of Appeals, 626 F.3d 187,190 (4th Cir. 2010) (citing Swierkiewicz v. Sorema N.A., 534 U.S. 506, 510–515 (2002); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). This burden is met where the plaintiff "allege[s] facts to satisfy the elements of a cause of action created by [the relevant] statute." McCleary-Evans v. Md. Dept. of Transp., State Highway Admin., 780 F.3d 582, 585 (4th Cir. 2015) (holding that the district court erred in applying the McDonnell-Douglas framework when analyzing the sufficiency of a complaint at the motion to dismiss stage).

Absent direct evidence, the elements of a Title VII discrimination claim are: "(1) membership in a protected class; (2) satisfactory job performance; (3) adverse employment action; and (4) different treatment from similarly situated employees outside the protected class." Coleman, 626 F.3d at 190. Here, Coffey was an eighteen-year-old woman who claims she performed satisfactorily in her role but was harassed by her coworker nearly three times her age because she was a woman. Ultimately, she claims she was terminated for complaining about her male coworker to her superior. On its face, Coffey alleges facts sufficient to support a Title VII claim.

Coffey also alleges that defendants subjected her to a hostile work environment, based on the conduct alleged in her EEOC charge. In its briefs, Servicemaster contends that the

conduct is not sufficiently severe to constitute a hostile work environment claim. However, at the hearing, counsel for Servicemaster conceded that even a single instance of physical contact can be sufficient to create a hostile work environment. "A claim for a hostile work environment is a form of disparate treatment where the employer's discriminatory actions improperly altered 'the terms and conditions of employment, even though the employee is not discharged, demoted, or reassigned.'" Jackson v. Deen, 959 F. Supp. 2d 1346, 1352 (S.D. Ga. 2013) (quoting Hulsey v. Pride Rests., LLC, 367 F.3d 1238, 1245 (11th Cir. 2004)).

To state a claim for a hostile work environment based on sex discrimination, Coffey must plausibly allege that the treatment was: (1) unwelcome; (2) based on gender; (3) sufficiently severe or pervasive to alter the conditions of employment and create an abusive atmosphere; and (4) that there is some basis for imposing liability on the employer. See E.E.O.C. v. Sunbelt Rentals, Inc., 521 F.3d 306, 313 (4th Cir. 2008); Mustafa v. Iancu, 313 F. Supp. 3d 684, 695 (E.D. Va. 2018). The court finds the alleged conduct, including the physical contact, to be unwelcome sexual attention based on Coffey's gender.

The third of the above elements, that a defendant's conduct be "severe and pervasive," "has both a subjective and an objective component." Harris v. Forklift Sys., Inc., 510 U.S. 17, 21-22 (1993). To determine if conduct qualifies as severe or pervasive, courts consider the totality of the circumstances, including (1) frequency; (2) severity; (3) whether the conduct was physically threatening or humiliating, or merely an offensive utterance; and (4) whether the conduct unreasonably interfered with the plaintiff's work performance. Dumbaugh v. Univ. of Richmond, No. 3:19-CV-57, 2019 WL 4307872, at *3 (E.D. Va. Sept. 11, 2019) (citing Clark Cty. Sch. Dist. v. Breeden, 532 U.S. 268, 270-71 (2001)). Such a determination, however, "is

not, and by its nature cannot be, a mathematically precise test." Harris, 510 U.S. at 22. Additionally, "whether the harassment was sufficiently severe or pervasive to create a hostile work environment is 'quintessentially a question of fact' for the jury." Conner v. Schrader Bridgeport Int'l, Inc., 227 F.3 179, 199-200 (4th Cir. 2000).

The court takes note of the fact that at the time of the incident, Coffey had just reached the age of majority. "[T]he objective severity of harassment should be judged from the perspective of a reasonable person in the plaintiff's position, considering 'all the circumstances.'" Oncale v. Sundowner Offshore Servs., Inc., 523 U.S. 75, 81 (1998) (quoting Harris, 510 U.S. at 23). The alleged comments specifically drew attention to Coffey's age, sexualized her gender, and were accompanied by unwanted physical contact. Coffey specifically alleges that she goes out of her way to avoid Chapman, indicating that his behavior did impact the terms and conditions of her employment, and that she felt her attempts to discourage his behavior were unavailing. Indeed, "inappropriate physical touching is certainly a strong indicator of a hostile work environment...." Langley v. Dolgencorp, LLC, 972 F. Supp. 2d 804, 812 (D.S.C. 2013); see also Okoli v. City Of Baltimore, 648 F.3d 216, 221 (4th Cir. 2011).

Moreover, even though the conduct only persisted for a few short days, that is because Coffey was terminated shortly after raising a complaint to her managers. Taking the allegations in the light most favorable to her, the court cannot weigh against her the brevity of her tenure with Servicemaster if she was in fact terminated because of the complaint.

## C.

Finally, Servicemaster argues that Count One should be dismissed for failing to plead facts sufficient to establish a theory of liability. ECF No. 127, at 5. In order to state a claim for hostile work environment, "an employee must allege sufficient facts to plausibly satisfy the imputability requirement." Bazemore v. Best Buy, 957 F.3d 195, 201 (4th Cir. 2020). Servicemaster claims that because Chapman was a coworker and not a supervisor, Servicemaster did not know and could not have known about the harassment and therefore cannot be liable. "Under Title VII, an employer's liability for workplace harassment may depend on the status of the harasser. If the harassing employee is the victim's co-worker, the employer is liable only if it was negligent in controlling working conditions." Vance v. Ball State Univ., 570 U.S. 421, 42 (2013).

Because Coffey does not dispute that Chapman was not a supervisor, she must show that Servicemaster maintained a negligent work environment. She must show that Servicemaster "knew, or should have known, about the harassment and failed to take action reasonably calculated to stop it." Bazemore, 957 F.3d at 201. The complaint alleges that crew chief Mary Faw warned Coffey about Chapman, claiming he had "made out" with another employee, and that other workers also described Chapman as "an old weird man." ECF No. 120, 27-29. The complaint also says that when Coffey complained to management, they behaved like they already knew and seemed disinterested. Id. Later, Coffey claims she was terminated from her position. Accepting all allegations in the complaint as true, Coffey pleads fact sufficient to make plausible the claim that Servicemaster negligently controlled the work environment. Strothers v. City of Laurel, 895 F.3d 317, 332–34 (4th Cir. 2018); Pryor v. United

15

Air Lines, Inc., 791 F.3d 488, 498 (4th Cir. 2015). Her complaint alleges that Servicemaster knew or should have known about Chapman's behavior and not only failed to take reasonably calculated steps to stop it, but also fired her instead.

Servicemaster relies on cases that can be easily distinguished from the alleged facts at hand. In Bazemore, the employer sent the offender a written warning after hearing the complaint after which no further harassment was reported. 957 F.3d at 201. However, in this case, Coffey was sent back to work with Chapman at the same worksite. While she does not claim she experienced more harassment after complaining to management, she was ultimately terminated. In a co-worker harassment case, "[l]iability may be imposed if the employer had actual or constructive knowledge of the existence of a hostile working environment and took no prompt and adequate remedial action." Amirmokri v. Baltimore Gas & Elec. Co., 60 F.3d 1126, 1129 (4th Cir. 1995). The conduct Coffey alleges, termination without cause, cannot constitute a reasonable response. Additionally, at the hearing counsel for Coffey indicated that Servicemaster's sexual harassment policy is not given to temporary workers like plaintiff because they are technically employed by the staffing and recruiting company, Chase. ECF No. 104, at 8.

Accordingly, at least at the motion to dismiss stage, the court finds sufficient facts alleged to impute liability to Servicemaster and sustain Coffey's hostile work environment claim.

## IV.

For the foregoing reasons, the court **DENIES** Servicemaster's motion to dismiss count one for lack of subject matter jurisdiction and for failure to state a claim. Coffey will be

permitted to proceed on her hostile work environment claim, including the allegations of physical conduct, in the Second Amended Complaint.

An appropriate order will be entered.

Entered: July 9, 2020

Mike Urbanski
cn=Mike Urbanski, o=US Courts,
ou=Western District of Virginia,
email=mikeu@vawd.uscourts.gov, c=US
2020.07.09 12:08:01 -04'00'

———————————————

Michael F. Urbanski
Chief United States District Judge